# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45303 & 45304

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 358 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 15, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| TODD AUSTIN HOGAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven Hippler and Jason D. Scott, District Judges.

Judgment of conviction and determinate sentence of three years for possession of a controlled substance and judgment of conviction and concurrent determinate sentences of one and one-half years for burglary and forgery, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Lara E. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 45303, Todd Austin Hogan pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Hogan to a determinate term of three years.

In Docket No. 45304, Hogan pled guilty to burglary, I.C. § 18-1401, and forgery, I.C. § 18-3601. In exchange for his guilty pleas, additional charges were dismissed. The district court sentenced Hogan to concurrent determinate terms of one and one-half years. The district

1

court also ordered that Hogan's sentences run consecutive to his possession of a controlled substance sentence in Docket No. 45303. Hogan filed I.C.R 35 motions for reduction of his sentences, which the district court denied. Hogan appeals in these consolidated cases.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Hogan's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Hogan's judgments of conviction and sentences, and the district court's orders denying Hogan's Rule 35 motions, are affirmed.